```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

ADRIAN C. MONSIVAIS, et al.,     §
                                 §
      Plaintiffs,                §
                                 §
v.                               §     CIVIL ACTION NO. H-12-2754
                                 §
C & D GROCERIES, INC., et al.,   §
                                 §
      Defendants.                §

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Plaintiffs' Motion for Summary Judgment (Doc. 19). The court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiffs' motion be **GRANTED IN PART**, **DENIED IN PART**.

### I.  Case Background

Plaintiffs are eighteen former employees of C & D Groceries, Inc., a grocery and bakery owned by Daniel Perez ("Perez").[2] Plaintiffs were employed as cooks, cleaners, and other staff for

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Doc. 23.

[2] See Doc. 19, Pls.' Mot. for Summ. J.; Doc. 20-1, Ex. A to Pls.' Mot for Summ. J., Decl. of Lazaro Monsivais; Doc. 20-2, Ex. B to Pls.' Mot. for Summ J., Decl. of Amador Morales Cuervo ("Cuervo"); Doc. 20-3, Ex. C to Pls.' Mot. for Summ. J., Decl. of Aida Zenil Marquez ("Marquez"); Doc. 20-4, Ex. D to Pls.' Mot. for Summ. J., Decl. of Maria E. Del Rio ("Del Rio"); Doc. 20-5, Ex. E to Pls.' Mot. for Summ. J., Decl. of Ana Medel ("Medel"); Doc. 20-6, Ex. F to Pls.' Mot. for Summ. J., Decl. of Pilar Reyes ("Reyes"); Doc. 20-7, Ex. G to Pls.' Mot. for Summ. J., Decl. of Oralia Ruiz; Doc. 20-8, Ex. H to Pls.' Mot. for Summ. J., Decl. of Nubia Chavez Monsivais; Doc. 20-9, Ex. I to Pls.' Mot. for Summ. J., Decl. of Paola Ruiz; Doc. 20-10, Ex. J to Pls.' Mot. for Summ. J., Decl. of Yesenia De Leon Monsivais; Doc. 20-11, Ex. K to Pls.' Mot. for Summ. J., Decl of Valentin Polvo Melendez ("Melendez"); Doc. 20-12, Ex. L to Pls.' Mot. for Summ. J., Decl. of Edi Anibal Paz ("Paz"); Doc. 20-13, Ex. M to Pls.' Mot. for Summ. J., Decl. of Virginia Rodriguez ("Rodriguez").

varying periods of time between September 2009 and September 2012.[3]

On September 13, 2012, sixteen of the plaintiffs filed this action under the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. §§ 201-219, alleging violations of the Act's minimum wage and overtime provisions.[4]  The remaining two plaintiffs, Edi Anibel Paz ("Paz") and Virginia Rodriguez ("Rodriguez"), filed Notices of Consent to be party plaintiffs in this action on March 26, 2013.[5] On May 6, 2014, the undersigned struck these notices from the record on the basis that the action had not received certification as a class action.[6]  Paz and Rodriguez filed a motion for permissive intervention on May 13, 2014, which the court granted on May 28, 2014.[7]  Plaintiffs filed the pending motion for summary judgment on December 2, 2013.[8]  Defendants did not respond to the motion.

## II. Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R.

---

[3] See e.g., Doc. 20-1, Ex. A to Pls.' Mot for Summ. J., Decl. of Lazaro Monsivais.

[4] See Doc. 1., Pls.' Compl.

[5] See Doc. 13, Paz's Notice of Consent; Doc. 14, Rodriguez's Notice of Consent.

[6] See Order Dated May 6, 2014.

[7] See Doc. 26, Paz & Rodriguez's Mot. to Intervene; Doc. 27, Order Dated May 28, 2014.

[8] See Doc. 19, Pls.' Mot. for Summ. J.

Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. Anderson, 477 U.S. at 250; TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment. Celotex Corp., 477 U.S. at 322. In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist that must be resolved at trial. Id. at 324.

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." Evans v. City of Houston, 246 F.3d 344, 348 (5th Cir. 2001); see also Boston Old Colony Ins. Co. v. Tiner Assocs. Inc., 288 F.3d 222, 227 (5th Cir. 2002). The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." Honore v. Douglas, 833 F.2d 565, 567 (5th Cir. 1987).

However, the nonmoving party must show more than "some metaphysical doubt as to the material facts." Meinecke v. H & R Block of Houston, 66 F.3d 77, 81 (5th Cir. 1995). Conclusory allegations, unsubstantiated assertions, improbable inferences, unsupported speculation, or only a scintilla of evidence will not carry this burden. Brown, 337 F.3d at 541; Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002). The court must grant summary judgment if, after an adequate period of discovery, the nonmovant fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

### III. Analysis

The FLSA mandates that employers pay wages of at least $7.25 to their employees. 29 U.S.C. § 206(a)(1)(c). It also requires employers to compensate nonexempt employees at overtime rates for time worked in excess of forty hours per workweek. 29 U.S.C.

207(a)(1). The Act provides a private right of action to enforce these requirements. 29 U.S.C. § 216.

Here, Defendants do not deny Plaintiffs' allegations that they were "employed by Defendants to work in hourly-wage positions" and that "Perez [was] Plaintiffs' employer within the meaning of the FLSA."[9] Defendants also raised no claim that they are exempt from any provision of the FLSA in their answer. "A claim of exemption under the FLSA is an affirmative defense that, pursuant to Fed. R. Civ. P. 8(c), must be specifically pleaded or it will be deemed waived." Floridia v. DLT 3 Girls, Inc., No. 4:11-cv-3624, 2012 WL 1565533, at *3 (S.D. Tex. May 2, 2012) (unpublished) (quoting Hogue v. Gyarmathy & Assoc., Inc., No. 2:10-cv-195-FfM-36SPC, 2010 WL 2510663, at *2 (M.D. Fla. June 21, 2010) (unpublished)). Therefore, no fact issue exists as to whether Plaintiffs were entitled to receive minimum wage and overtime pay under the FLSA.

An employee who brings suit for unpaid wages has the burden of proving that he performed work for which he was not properly compensated. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946). "When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records." Id. at 687. However, "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes, . . . [t]he solution . . . is not to penalize the employee by denying him any recovery on the

---

[9] See Doc. 1, Pls.' Compl ¶¶ 6, 8; Doc. 7, Defs.' Ans. ¶¶ 2, 4.

ground that he is unable to prove the precise extent of uncompensated work." Id.  Rather, in such a case, "an employee carries his burden . . . if he shows he performed work for which he was improperly compensated and produces some evidence to show the amount and extent of that work 'as a matter of just and reasonable inference.'"  Albanil v. Coast 2 Coast, Inc., 444 F. App'x 788, 806 (5th Cir. 2011) (unpublished) (quoting Mt. Clemens Pottery, 328 U.S. at 687).  "Evidence used to calculate wages owed need not be perfectly accurate, since the employee should not be penalized when the inaccuracy is due to a defendant's failure to keep adequate records."  Donovan v. Hamm's Drive Inn, 661 F.2d 316, 318 (5th Cir. 1981).

The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  Mt. Clemens Pottery, 328 U.S. at 686-88; see also De Leon v. Trevino, 163 F. Supp. 2d 682, 684 (S.D. Tex. 2001). "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate."  Mt. Clemens Pottery, 326 U.S. at 688.

Here, Defendants have not responded to Plaintiffs' discovery requests regarding payroll records.[10]  Perez also failed to respond to Plaintiffs' request to schedule his deposition, and Defendants

---

[10] See Doc. 20-14, Ex. N to Pls.' Mot. for Summ. J., Decl. of Lakshmi Ramakrishnan ("Ramakrishnan") ¶ 2.

6

did not file a response to Plaintiffs' motion for summary judgment.[11] Thus, the evidence of Plaintiffs' wages and hours consists of uncontroverted declaration testimony by most Plaintiffs.

Plaintiffs claim unpaid wages dating back to three years prior to filing suit. Any claim for unpaid minimum wages or unpaid overtime wages must be "commenced within two years after the cause of action accrue[s] . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrue[s]." 29 U.S.C. § 255(a). "[V]iolations under the FLSA are willful if the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" Reich v. Bay, Inc., 23 F.3d 110, 117 (5th Cir. 1994) (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)). "The burden of showing that an FLSA violation was 'willful' falls on the plaintiffs." Stokes v. BWXT Pantex, L.L.C., 424 F. App'x 324, 326 (5th Cir. 2001) (unpublished).

Plaintiffs have provided uncontroverted testimony that Defendants typically did not provide pay statements, but, when they did, they would reflect, at most, forty hours of work per week, regardless of whether Plaintiffs had worked overtime.[12] For

---

[11] See id. ¶¶ 3-5.

[12] See Doc. 20-3, Ex. C to Pls.' Mot. for Summ. J., Decl. of Marquez; Doc. 20-4, Ex. D to Pls.' Mot. for Summ. J., Decl. of Del Rio; Doc. 20-5, Ex. E to Pls.' Mot. for Summ. J., Decl. of Medel; Ex. H to Pls.' Mot. for Summ. J., Decl. of Nubia Chavez Monsivais.

example, Maria E. Del Rio ("Del Rio") testified that she "would receive a check with a paystub showing only 40 hours of work. For the hours [she] worked over 40 in a week, [she] was paid in cash."[13] Defendants have not disputed these allegations, which demonstrate at least a reckless disregard for whether their conduct was prohibited by law. See Karna v. BP Corp. N. Am., Inc., No. H-12-0101, 2013 WL 1155485, at *19 (S.D. Tex. Mar. 19, 2013) (unpublished) (finding evidence that the defendant did not allow employees to enter more than fifty hours a week supported a finding that the defendant's violation was willful). Accordingly, the court finds that Defendants have failed to raise a fact issue as to whether they violated the statute willfully, and the three year statute of limitations applies.

Thirteen of the plaintiffs in this case–Del Rio, Paz, Rodriguez, Lazaro Chavez Monsivais, Amador Morales Cuervo, Aida Zenil Marquez, Ana Mendel, Pilar Reyes, Oralia Ruiz, Nubia Chavez Monsivais, Paola Ruiz, Yesenia De Leon Monsivais, and Valentin Polvo Melendez–provided testimony regarding their dates of employment, wages, and hours worked per week.[14]

---

[13] Doc. 20-4, Ex. D to Pls.' Mot. for Summ. J., Decl. of Del Rio ¶ 9.

[14] Doc. 20-1, Ex. A to Pls.' Mot for Summ. J., Decl. of Lazaro Monsivais; Doc. 20-2, Ex. B to Pls.' Mot. for Summ J., Decl. of Cuervo; Doc. 20-3, Ex. C to Pls.' Mot. for Summ. J., Decl. Marquez; Doc. 20-4, Ex. D to Pls.' Mot. for Summ. J., Decl. of Del Rio; Doc. 20-5, Ex. E to Pls.' Mot. for Summ. J., Decl. of Medel; Doc. 20-6, Ex. F to Pls.' Mot. for Summ. J., Decl. of Reyes; Doc. 20-7, Ex. G to Pls.' Mot. for Summ. J., Decl. of Oralia Ruiz; Doc. 20-8, Ex. H to Pls.' Mot. for Summ. J., Decl. of Nubia Chavez Monsivais; Doc. 20-9, Ex. I to Pls.' Mot. for Summ. J., Decl. of Paola Ruiz; Doc. 20-10, Ex. J to Pls.' Mot. for Summ. J., Decl. of Yesenia De Leon Monsivais; Doc. 20-11, Ex. K to Pls.' Mot. for Summ. J., Decl of Melendez; Doc. 20-12, Ex. L to Pls.' Mot. for Summ. J., Decl. of Paz; Doc. 20-13, Ex. M to Pls.' Mot. for Summ. J., Decl. of Rodriguez.

According to these thirteen plaintiffs, their terms of employment ranged from nine weeks to three years, their workweeks ranged from forty-four to seventy-seven hours, and their hourly rates ranged from $6.00 to $9.09.[15] Plaintiffs provided calculations of the wages owed for each employee based on this information. These amounts total $96,854.49.[16]

Based on the evidence presented, which Defendants did not attempt to refute, these thirteen plaintiffs are entitled to compensatory damages in the amount of $96,854.49. The court finds reasonable these plaintiffs' estimates regarding their hours worked and rates of pay. See Lynch v. Jet Center of Dallas, LLC, No. 3:05-CV-2229-L, 2007 WL 211101, at *6 (granting summary judgment where FLSA plaintiff estimated that she worked forty weeks with overtime in the approximately fifty-two weeks that she worked for defendant, who had not provided payroll information or responded to plaintiff's motion).

The FLSA additionally provides for the payment of liquidated damages in an amount equal to the amount of compensatory damages. 29 U.S.C. § 216(b). The court may choose to award a lesser amount of liquidated damages, or none at all, if the employer demonstrates that it acted reasonably and in good faith. 29 U.S.C. § 260; Bernard v. IBP, Inc. of Neb., 154 F.3d 259, 267 (5th Cir. 1998).

---

[15] See Doc. 20-15, Ex. O to Pls.' Mot. for Summ J., Damages Calculations.

[16] See id.

Defendants have made no attempt to demonstrate that they acted reasonably and in good faith. Accordingly, the court determines that these thirteen plaintiffs are entitled to liquidated damages in the amount of $96,854.49.

The FLSA also requires an employer who violates the statute to pay attorneys' fees and costs. 29 U.S.C. § 216(b); <u>Singer v. City of Waco, Tex.</u>, 324 F.3d 813, 829 n.10 (5th Cir. 2003). The court determines that these thirteen plaintiffs, as prevailing parties, are entitled to an award of reasonable attorneys' fees and costs.

Plaintiffs also move for summary judgment as to the remaining five plaintiffs–Adrian Monsivais, Carolina Ponce, Delia Lopez, Mirna Ibarra, and Yolanda Chavez.[17] While Plaintiffs provide figures regarding time employed, hours worked per week, and hourly rates for these employees, they do not point to any supporting summary judgment evidence.[18] Plaintiffs arrived at the figures for Carolina Ponce by averaging those of the other plaintiffs.[19] Plaintiffs offer no explanation for the figures provided for the other four plaintiffs. The record does not contain testimony from any of the plaintiffs in this case regarding the work hours of these five plaintiffs.[20]

---

[17]  <u>See</u> Doc. 19, Pls.' Mot. for Summ. J.; Doc. 20-15, Ex. O to Pls.' Mot. for Summ. J., Damages Calculations.

[18]  <u>See</u> id.

[19]  <u>See</u> id.

[20]  In <u>Albanil</u>, the Fifth Circuit recognized that plaintiffs may meet their initial burden for "non-testifying employees based on the 'fairly representational' testimony of other employees." <u>Albanil</u>, 444 F. App'x at 806

The court finds that these five plaintiffs have not met their burden of showing they "performed work for which [they] were improperly compensated and produc[ing] some evidence to show the amount and extent of that work 'as a matter of just and reasonable inference.'" Albanil, 444 F. App'x at 806 (quoting Mt. Clemens Pottery, 328 U.S. at 687). Accordingly, these plaintiffs are not entitled to summary judgment.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiffs' motion be **GRANTED IN PART, DENIED IN PART**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

---

(citing Brennan v. Gen. Motors Acceptance Corp., 482 F.2d 825, 829 (5th Cir. 1973). The court noted that "[t]estimony of some employees concerning the hours worked by groups of non-testifying employees is sufficient if those who do testify have personal knowledge of the work performed by those who do not." Id. at 807.

11

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 29th day of May, 2014.

Nancy K. Johnson
United States Magistrate Judge